J-A19038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.M.V., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| A.T.D. | : | |
| v. | : | |
| | : | No. 646 EDA 2020 |
| M.R.D. | | |

Appeal from the Order Entered January 22, 2020
In the Court of Common Pleas of Lehigh County Civil Division
at No(s):  No. 2019-FC-0692

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED NOVEMBER 3, 2020**

L.M.V. (Mother) appeals from the order entered in the Lehigh County Court of Common Pleas permitting M.R.D. (Paternal Grandmother), to intervene in this child custody matter.[1]  After careful review, we remand for the trial court to prepare a supplemental opinion.

The history of the case is as follows.  J.R.D. (Child) was born in 2013. On May 22, 2019, Mother filed a custody action in the Court of Common Pleas. On May 28th, Mother and A.D. (Father) entered into a custody agreement, filed in the court, which granted sole physical custody to Mother, while setting forth a holiday schedule.  Custody Agreement, 5/22/19, at 1-2.

_____

[1] Paternal Grandmother has not filed an appellate brief.

On July 29, 2019, Paternal Grandmother filed a petition to intervene in the custody action, a petition for modification of the custody order, and a petition for special relief. In these petitions, Paternal Grandmother averred that throughout June of 2019, Child had been in her care five days a week, and "for all of July[,] 7 days a week," as Child was abandoned by Mother. Paternal Grandmother's Petition to Intervene, 7/29/19, at 2. The petitions also averred that Child suffered physical abuse and neglect by Mother. *Id.*; Paternal Grandmother's Petition for Modification of a Custody Order, 7/29/19, at 2. Paternal Grandmother requested emergency custody of Child. Paternal Grandmother's Petition for Special Relief, 7/29/19, at 1.

The court convened a hearing on Paternal Grandmother's petition for special relief on August 7, 2019. At that hearing, Paternal Grandmother, her daughter P.D., Father, Mother, and Jessica Haldemann, an employee of Lehigh County Children and Youth Services, testified. That same day, the court entered an order granting Paternal Grandmother's petition to intervene, finding that Paternal Grandmother both stood *in loco parentis* to the child, pursuant to 23 Pa.C.S. § 5324(2), and is the grandparent of a child not *in loco parentis*, whose relationship with Child began with the consent of the parents and Child was substantially at risk of abuse, pursuant to 23 Pa.C.S. § 5324(3) (statute discussed *infra*). *Id.* at 1-2.

The trial court then convened a hearing on Paternal Grandmother's petition to modify custody on January 13, 2020. At this hearing, Paternal Grandmother, P.D., Mother, Father, Mother's paramour (J.W.), and K.R.,

- 2 -

(mother's mother), testified. At the conclusion of the hearing, the court examined the sixteen statutory custody factors, **see** 23 Pa.C.S. § 5328(a)(1)-(16), on the record, before awarding shared legal custody to Mother and Paternal Grandmother, primary physical custody to Mother, and partial physical custody to Paternal Grandmother. N.T., 1/13/20, at 132-43. On January 22, 2020, the court issued the underlying final custody order memorializing the same, and additionally providing vacation and holiday scheduling. Order, 1/22/20, at 1- 3.

On February 20, 2020, Mother filed a timely notice of appeal and concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

On appeal, Mother raises the following issues for our review:

1. Whether the trial court erred in granting Paternal Grandmother's Petition to Intervene under 23 Pa.C.S. § 5324(2) and (3)(iii)(B).[ ]

2. Whether 23 Pa.C.S. § 5323(d) requires a trial court to provide a transcript of its reasons stated on the record.

3. Whether the trial court abused its discretion by failing to apply the statutory presumption in favor of parents.

4. Whether the trial court abused its discretion by failing to consider whether the award of partial physical custody interfered with the parent-child relationship.

5. Whether the court abused its discretion by awarding shared legal custody and partial physical custody to Paternal Grandmother?

Mother's Brief at 5.

- 3 -

In her first issue, Mother contends the trial court erred by granting Paternal Grandmother's petition to intervene pursuant to both 23 Pa.C.S. § 5324(2) and § 5324(3), because the two subsections are mutually exclusive. Mother's Brief at 20-21. She avers the statute is unambiguous, and because the two subsections are mutually exclusive, the order was entered in error. *Id.*

We note the relevant standard of review:

An issue regarding standing is a threshold issue that is a question of law. Moreover, the interpretation and application of a statute is also a question of law. As with all questions of law, we must employ a *de novo* standard of review and a plenary scope of review to determine whether the court committed an error of law.

When interpreting a statute, this court is constrained by the rules of the Statutory Construction Act of 1972 (the "Act"). 1 Pa.C.S. §§ 1501-1991. The Act makes clear that the goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly while construing the statute in a manner that gives effect to all its provisions. *See* 1 Pa.C.S. § 1921(a). The Act provides: "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Moreover, it is well settled that "the best indication of the General Assembly's intent may be found in a statute's plain language." Additionally, we must presume that the General Assembly **does not** intend a result that is absurd, impossible of execution, or unreasonable and **does** intend to favor the public interest over any private interest. *See* 1 Pa.C.S. § 1922(1) and (5) . . . .

*G.A.P. v. J.M.W.*, 194 A.3d 614, 616-17 (Pa. Super. 2018) (some citations omitted).

Section 5324 of the Child Custody Act provides, in relevant part, standing to the following individuals to file an action for child custody:

(2) A person who stands *in loco parentis* to the child.

(3) A grandparent of the child who is not *in loco parentis* to the child:

(i) whose relationship with the child began either with the consent of a parent of the child or under a court order;

(ii) who assumes or is willing to assume responsibility for the child; and

(iii) when one of the following conditions is met:

(A) the child has been determined to be a dependent child under 42 Pa.C.S. Ch. 63 (relating to juvenile matters);

(B) the child is substantially at risk due to parental abuse, neglect, drug or alcohol abuse or incapacity; or

(C) the child has, for a period of at least 12 consecutive months, resided with the grandparent, excluding brief temporary absences of the child from the home, and is removed from the home by the parents, in which case the action must be filed within six months after the removal of the child from the home.

23 Pa.C.S. § 5324(2), (3)(i)-(iii).

We note the trial court did not issue a comprehensive opinion pursuant to Pa.R.A.P. 1925(a). Instead, the trial court's April 2, 2020, "Memorandum Opinion" provides, in sum, that the reasons for its January 22nd custody order "were stated on the record at the conclusion of the trial," and "attached are pages 132-151 of" the January 13, 2020, hearing notes of testimony. Memorandum Opinion, 4/2/20. However, the cited transcript pages does not reveal the court's decision granting standing to Paternal Grandmother to intervene in the custody matter. Additionally, at the August 7, 2019, hearing

on Paternal Grandmother's petition for special relief, the court did not provide reasoning for granting her request under both sections of the statute, and did not further explain its findings. *See* N.T., 8/7/19, at 29-31, 33-38.

Accordingly, we remand for the trial court, within thirty days of this memorandum, to file an opinion clarifying, with discussion of the relevant Section 5324 subsection, its reasons for granting standing to Paternal Grandmother. The court shall also address any issue raised by Mother in this appeal that may assist this panel's review. The trial court prothonotary is directed to certify and transmit the supplemental record containing the trial court's opinion within 7 days of receipt of the opinion.

Case remanded for trial court to prepare an opinion. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/03/2020